Vahan H. Burgujian, as Administrator, etc., of Harry Burgujian, Deceased, Respondent, v. Ames Transfer Company, Appellant.

First Department, January 29, 1932.

*Robert H. Charlton* of counsel [*Michael F. Dee* with him on the brief; *Robert H. Charlton*, attorney], for the appellant.

*Nathan S. Zucker* of counsel [*I. Maurice Wormser* with him on the brief; *Nathan S. Zucker*, attorney], for the respondent.

Per Curiam. This action was brought to recover damages for the death of a six-year-old child alleged to have been caused by the negligent operation of the defendant's truck. The accident occurred at One Hundred and Eighty-seventh street and Webster avenue, in the city of New York. At the time of the accident defendant's truck was proceeding north substantially on the north-bound trolley track. At the corner of One Hundred and Eighty-seventh street a south-bound trolley car had stopped and was discharging passengers. The claim of the defendant upon the trial was that the infant had come from behind the standing car directly in the path of defendant's truck and that the accident was unavoidable.

In this situation the court charged that subdivision 3 of section 17 of article 2 of chapter 24 of the Code of Ordinances of the City of New York, relating to traffic regulations, was applicable and that

if the jury found the defendant had violated this subdivision, such violation would constitute evidence of negligence. This subdivision reads as follows: " 3. Overtaking street car. In overtaking a street car, which has been stopped for the purpose of receiving or discharging a passenger, no vehicle that is subject to the provisions of subdivision 1 of this section shall pass or approach to the right or left within eight feet of any part of such car so long as the same is stopped and remains standing, for the purpose aforesaid." The court reached the conclusion that this subdivision was applicable by determining that the word " overtake " as applied in the ordinance was synonymous with " to   *   *   * catch up with in the course of motion " and that the car and the truck need not move in the same direction. This interpretation is contrary to the ordinary meaning of the word " overtake."

This ordinance applies only to vehicles passing a standing car when both are proceeding in the same direction. The error substantially prejudiced the defendant's rights and a new trial is necessary.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

Present — FINCH, P. J., MERRELL, O'MALLEY, SHERMAN and TOWNLEY, JJ.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.